# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4321

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Julian Rico Aguilera, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted:  January 5, 2001

Filed:  March 29, 2001

_____

Before McMILLIAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Julian Rico Aguilera was indicted for conspiring to possess with intent to distribute an unspecified amount of cocaine and methamphetamine, in violation of 21 U.S.C. § 846. Aguilera pleaded guilty, stipulating he had distributed at least 100 pounds of methamphetamine and 200 pounds of cocaine during the course of the conspiracy. At the plea hearing, after Aguilera acknowledged the stipulated quantities,

the district court[1] advised that he faced a statutory maximum term of life in prison. At sentencing, Aguilera agreed that his base offense level should be based on the stipulated quantities. He was sentenced to 295 months in prison and five years supervised release.

On appeal, counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), raising issues related to whether he was ineffective for failing to demand that certain alleged oral agreements be made part of the plea agreement. Aguilera made a pro se argument regarding the alleged oral promises. Because the record is undeveloped on these issues, we conclude this appeal does not warrant departure from the general rule that ineffective assistance claims should be examined first by the district court in a 28 U.S.C. § 2255 proceeding. See United States v. Santana, 150 F.3d 860, 863 (8th Cir. 1998).

Reviewing the case under Penson v. Ohio, 488 U.S. 75 (1988), we note the indictment did not charge a specific drug quantity, and Aguilera was sentenced above the twenty-year maximum prison term authorized under 21 U.S.C. § 841(b)(1)(C) for conspiracies involving unspecified amounts of cocaine or methamphetamine. However, we conclude neither the conviction nor the sentence is vulnerable under Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). Aguilera's guilty plea and waiver of his right to appeal (with exceptions not relevant to this issue) waived any challenge to the indictment. Moreover, he stipulated to drug quantities authorizing a maximum term of life in prison as part of his plea agreement, and was advised at his plea hearing that he could receive a life sentence. See 21 U.S.C. § 841(b)(1)(A); United States v. McIntosh, 236 F.3d 968, 975-76 & n.10 (8th Cir. 2001).

---

[1] The HONORABLE CHARLES R. WOLLE, United States District Judge for the Southern District of Iowa.

The judgment of the district court is affirmed. We grant counsel's motion to withdraw and deny as moot the government's motion to dismiss the appeal.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.